IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY SMITH, | ) | No. C 15-03264 EJD (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) ) | |
| BRANDY EBERT, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983, challenging conditions of confinement. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

Order of Dismissal with Leave to Amend
P:\PRO-SE\EJD\CR.15\03264Smith_dwlta.wpd

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on June 9, 2015, Defendant Brandy Ebert, the litigation coordinator at SQSP, failed to forward the "tentative ruling" from Case No. CV1401048 out of Marin County Superior Court, which resulted in Plaintiff being unable to argue on his behalf and judgment being entered against him the next day. (Compl. at 3.) Plaintiff claims that Defendant Ebert had informed him on January 28, 2015, that Plaintiff would be provided time and opportunity for the "tentative ruling" to be issued to him so that he could prepare his argument. (Id.) Based on the attached papers, which includes his inmate appeal on the matter, it appears that Plaintiff is claiming denial of his right of access to the courts. (Compl. Attach. at 1.)

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55.

Plaintiff's allegations are insufficient to state a claim of a denial of access to courts because he has failed to allege an actual injury, i.e., that he was pursuing a "non-frivolous claim" concerning his conviction or conditions of confinement. The complaint is

1  dismissed with leave to amend for Plaintiff to include a description of the claim which is
2  the subject of Case No. CV1401048, and show that it was a non-frivolous one.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 15-03264 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED:     10/2/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

        Plaintiff,

  v.

BRANDY EBERT,

        Defendant.

Case Number: CV15-03264 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/2/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Eugene Smith H-44485
San Quentin State Prison
San Quentin, CA 94964

Dated: 10/2/2015

                                    Susan Y. Soong, Clerk
                                /s/ By: Elizabeth Garcia, Deputy Clerk