United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12    JERRY SMITH,                    )        No. C 15-03264 EJD (PR)
                                      )
13              Plaintiff,            )        **ORDER OF DISMISSAL**
                                      )
14       v.                           )
                                      )
15                                    )
      BRANDY EBERT,                   )
16                                    )
                Defendant.            )
17                                    )
                                      )
18    _____)

19          Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the

20    instant civil rights action in <u>pro</u> <u>se</u> pursuant to 42 U.S.C. § 1983, challenging

21    conditions of confinement.  The Court reviewed the complaint pursuant to 28 U.S.C.

22    § 1915A and dismissed it with leave to amend to cure deficiencies identified by the

23    Court.  (Docket No. 4.)  Plaintiff has filed his first amended complaint ("FAC").

24    (Docket No. 7.)  For the reasons that follow, the Court now DISMISSES this action

25    with prejudice.

26                              **DISCUSSION**

27    **A.     Standard of Review**

28          A federal court must conduct a preliminary screening in any case in which a

Order of Dismissal
P:\PRO-SE\EJD\CR.15\03264Smith_dism.wpd

United States District Court
For the Northern District of California

1   prisoner seeks redress from a governmental entity or officer or employee of a

2   governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must

3   identify any cognizable claims and dismiss any claims that are frivolous, malicious,

4   fail to state a claim upon which relief may be granted or seek monetary relief from a

5   defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se

6   pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

7   Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

8       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

9   elements: (1) that a right secured by the Constitution or laws of the United States

10  was violated, and (2) that the alleged violation was committed by a person acting

11  under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

12  **B.      Plaintiff's Claims**

13      Plaintiff claims that Defendant Ebert denied him access to the "tentative

14  ruling" procedure for his case in Marin County Superior Court (Case No.

15  CV1401048), and thereby denied an opportunity to argue against the entry of a pre-

16  filing order declaring him to be a vexatious litigant.  (FAC at 3.)  In support,

17  Plaintiff attaches a copy of the second level appeal response on the matter, in which

18  he complained of the lack of access to tentative rulings from the courts and the

19  identify of the staff member who denied him access to the prison telephone to obtain

20  his tentative rulings for two cases, one of which is Case No. CV1401048.  (Id.,

21  Attach. at 1-3.)

22      Prisoners have a constitutional right of access to the courts.  See Lewis v.

23  Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  To

24  establish a claim for any violation of the right of access to the courts, the prisoner

25  must prove that there was an inadequacy in the prison's legal access program that

26  caused him an actual injury.  See Lewis, 518 U.S. at 350-55.  To prove an actual

27  injury, the prisoner must show that the inadequacy in the prison's program hindered

28  his efforts to pursue a non-frivolous claim concerning his conviction or conditions of

Order of Dismissal
P:\PRO-SE\EJD\CR.15\03264Smith_dism.wpd                2

United States District Court

For the Northern District of California

1    confinement.  See id. at 354-55.

2           According to the second level appeal response, Defendant Ebert is identified

3    as the staff member who denied Plaintiff access to the telephone.  The response also

4    explains that Defendant Ebert acted in accordance with prison regulations requiring

5    that an inmate have either a court order or a "CourtCall confirmation" allowing him

6    access; Plaintiff did not meet the criteria because he had neither documents.  (FAC,

7    Attach. at 2.)  Plaintiff's appeal was granted in part, such that the prison agreed to

8    work with Marin County Superior Court staff to put in place a court procedure for

9    inmates to obtain and appear in court regarding the tentative rulings.  (Id. at 3.)

10          Although it appears that Plaintiff's allegations against Defendant Ebert are

11   true, Plaintiff fails to state a claim because he cannot show that Defendant Ebert's

12   actions caused him an actual injury.  The second level appeal response indicates that

13   "contrary to [Plaintiff's] claims in this appeal," Plaintiff was permitted to appear

14   before the superior court regarding the tentative rulings: the response refers to the

15   Marin County court dockets for Cases CV1400857 and CD1401048, "noting

16   [Plaintiff] appeared before the court regarding both tentative rulings."  (Id. at 3.)

17   Because Plaintiff subsequently appeared in court for both tentative rulings, it cannot

18   be said that an inadequacy in the prison's program, – i.e., the denial of access to the

19   prison's telephone, – hindered Plaintiff's efforts to pursue a non-frivolous claim

20   concerning his conviction or conditions of confinement.  See Lewis, 518 U.S. at

21   354-55.

22          Plaintiff's allegations are therefore insufficient to state an access to the courts

23   claim.  Further leave to amend will not be granted since it is clear that no

24   amendment can cure the defects identified by the Court.  See, e.g., Lucas v.

25   Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).  Accordingly, this

26   action is DISMISSED with prejudice for failure to state a claim.

27   ///

28   ///

Order of Dismissal
P:\PRO-SE\EJD\CR.15\03264Smith_dism.wpd           3

**CONCLUSION**

For the foregoing reasons, this action is DISMISSED with prejudice for failure to state a claim on which relief may be granted.

The Clerk shall terminate any pending motions and close the file.

**IT IS SO ORDERED.**

DATED:      4/8/2016

EDWARD J. DAVILA
United States District Judge